**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**
_____

TRISHAWN BROWN,

           Plaintiff,

v.                                       Case No. 08-CV-11542-DT

BRUCE MORROW,

           Defendant.
_____/

## ORDER OF DISMISSAL

Plaintiff Trishawn Brown is a state prisoner currently confined at St. Louis Correctional Facility in St. Louis, Michigan. Pending before the court is Plaintiff's April 10, 2008 *pro se* complaint under 42 U.S.C. § 1983 for unspecified relief. Plaintiff also filed an application to proceed *in forma pauperis*, which the court granted on April 16, 2008. For the reasons stated below, the court will dismiss this case without prejudice.

## I. STANDARD OF REVIEW

To successfully establish a *prima facie* case under § 1983, a civil rights plaintiff must prove that the defendants acted under color of state law and deprived the plaintiff of rights secured by federal law. *Block v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). When, as here, a prisoner has been granted leave to proceed without prepayment of the filing fee for an action, his or her civil rights complaint against a governmental entity, officer, or employee may be dismissed in whole or in part if it (1) is frivolous, malicious, or fails to state a claim for which relief may be granted, or (2) seeks monetary relief from a defendant who is

immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A).

A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). While a complaint need not contain "detailed factual allegations," a plaintiff's obligation to allege grounds entitling him to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal and end citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965 (internal and end citations and footnote omitted).

## II. DISCUSSION

In his complaint, Plaintiff alleges that he did not receive a competency hearing before trial. He holds state trial court judge Bruce Morrow, prosecuting attorney Lora Weingarden and defense attorney James Anderson responsible for this omission. Plaintiff also alleges that he was diagnosed with ADHD in 1997 and with bipolar disorder in 2000. He claims that he has not received any treatment for the bipolar disorder since 2005 and that he has not taken any medication since February of 2006.

The pending complaint is frivolous and fails to state a claim because it indirectly challenges Plaintiff's conviction and present incarceration. Plaintiff has no right to relief in a civil rights action unless the order or judgment holding him in custody has been invalidated by state officials or impugned in a federal habeas corpus action. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). *Heck* and other Supreme Courts cases, when

"taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- "*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original). Plaintiff has not shown that the judgment holding him in custody has been invalidated by state officials or impugned on federal habeas corpus review, and success in this action could demonstrate the invalidity of his confinement.

Furthermore, Judge Morrow enjoys absolute immunity from damages liability for judicial actions taken in cases over which he had jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 9-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). He also enjoys immunity from injunctive relief. *See* 42 U.S.C. § 1983 (stating that, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable"). Prosecuting attorney Lora Weingarden enjoys absolute immunity from damages liability for activities "intimately associated with the judicial phase of the criminal process," *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976), and defense attorneys, even those appointed by the courts, do not act under color of law when performing traditional functions as counsel to a defendant in a criminal proceeding. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (public defenders); *Mulligan v. Schlachter*, 389 F.2d 231, 233 (6th Cir. 1968) (private attorneys).

Plaintiff's allegations about the lack of treatment for his mental disorders also lack merit. Although prisoners are entitled to adequate medical care, *Farmer v.*

3

*Brennan*, 511 U.S. 825, 832 (1994), Plaintiff has not shown that Judge Morrow or the individuals named in the body of the complaint had any responsibility for the conditions of his confinement. Generally, to prevail on an Eighth Amendment claim, a prisoner must show that a prison official's acts or omissions resulted in the denial of the minimal civilized measure of life's necessities and that the official was deliberately indifferent to the prisoner's health or safety. *Id.* at 834. Plaintiff has failed to make the necessary showing.

The complaint lacks an arguable basis in law. Accordingly, the complaint is dismissed as frivolous and for failure to state a claim under 28 U.S.C. 28 U.S.C. §§ 1915(e)(2) and 1915A.

### III. GOOD FAITH BASIS FOR APPEAL

For the reasons stated in this order, the court finds an appeal in this case would be frivolous and not taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997). Therefore, Plaintiff is not certified to pursue an appeal from this judgment *in forma pauperis*. 28 U.S.C. § 1915(a)(3). Nevertheless, should Plaintiff decide to file a notice of appeal, he may seek leave from the Court of Appeals to proceed on appeal *in forma pauperis*. *See* Fed. R. Civ. P. 24(a)(5).

## IV.  CONCLUSION

IT IS ORDERED that the complaint is dismissed as frivolous and for failure to state a claim under 28 U.S.C. 28 U.S.C. §§ 1915(e)(2) and 1915A.

                                       s/Robert H. Cleland
                                       ROBERT H. CLELAND
                                       UNITED STATES DISTRICT JUDGE

Dated:  May 12, 2008


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 12, 2008, by electronic and/or ordinary mail.

                                       s/Lisa G. Wagner
                                       Case Manager and Deputy Clerk
                                       (313) 234-5522